NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH MOULTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS USA, INC., et al.,<br><br>Defendants. | Civil Action No.: 11-4073 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's Complaint. The Court has considered the submissions of the parties and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is granted and Plaintiffs' complaint is dismissed.

**I.    BACKGROUND**

Debra Moulton brings this Complaint on behalf of over 20,00 putative class member customers who purchased either a plasma or an LCD television that LG distributed over a seven-year period (the "Televisions"). Each of the Televisions was accompanied by an express limited warranty that set forth LG's and the purchaser's rights as follow:

> Your LG Televisions will be repaired or replaced in accordance with the terms of this warranty, at LGE's option, if it proves to be defective in material or workmanship under normal use, during the warranty period.

The limited warranty expressly excluded liability for breach of the implied warranty of merchantability:

> This warrant is in lieu of any other warranty express or implied, including without limitation, any warranty of merchantability or fitness for a particular purpose . . . To the extent any implied warranty is required by law, it is limited in duration to the express warranty period.

The length of the warranty period varied over time and differed depending on the type of television purchased:

- LCD televisions sold between 2003 and 2010 were accompanied by a one-year Limited Warranty covering labor and parts

- Plasma televisions sold between 2003 and 2007 were accompanied by a two-year Limited Warranty covering labor and parts.

- Plasma televisions sold between 2008 and 2010 were accompanied by a one-year Limited Warranty for labor and parts and a two-year Limited Warranty for defects in material and/or workmanship.

The Complaint alleges that LG was aware of and actively concealed various alleged defects in the design or manufacture of the Televisions. It further alleges that LG and its authorized dealers purportedly and fraudulently told class members that conditions such as "excessive heat and dust, voltage surges, and power brown-outs" caused the failures.

Plaintiff does not allege what type or model of television she purchased or where she purchased it, other than to state it was from an "authorized LG dealer." The Complaint fails to specify which purported defects were allegedly experience by Moulton or any other customer. She does not specify the length of the warranty period that accompanied her tv, only that she began to experience problems with her TV in 2010, four years after she purchased her TV and outside even the longest available warranty period. Plaintiff claims only that the warranty period was "unconscionable." The Complaint further fails to allege the content, time, or place of any written or verbal "misrepresentations" made by LG to Plaintiff; nor does Plaintiff indicate how she knows that LG was aware of the defects or that it actively concealed them.

## II.  LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element[s]." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 322 (3d. Cir. 2008) (quoting Twombly, 550 U.S. at 556).

## III.  DISCUSSION

### A.  Breach of Express Warranty Claims

Plaintiff's express warranty claims arise from two sources: 1) the written limited warranty; and 2) the verbal representation allegedly made by LG representatives. First and foremost, the breach of express warranty claims, as they relate to the written warranty must be dismissed as a matter of law. In the Third Circuit, an express warranty does not cover repairs made after the applicable time has elapsed. Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 616 (3d Cir. 1995). This rule applies even where the defect existed, but was not manifested, before the warranty period expired. Id. Plaintiff concedes that she experience

problems with her television only after the express warranty expired, therefore, any breach of express warranty claims arising from the written warranty must be dismissed.

As to the verbal representations made by LG representative, these statements consisted solely of LG's advertisements in the media and on the internet that LG's televisions were supposedly "superior in construction . . . design and manufacture, safety, durability, reliability, and performance." The Complaint does not allege that Plaintiff had any particular expectations when making her purchase, not does it describe any specific representations that were made or by whom they were made. Accordingly, in addition to the fact that LG disclaimed any additional warranties beyond its express limited written warranty, Plaintiff has failed to plead sufficient facts to state a claim arising out of these alleged verbal representations and the breach of express warranty claims must be dismissed.

**B.  Breach of Implied Warranty Claims**

As stated, LG affirmatively disclaimed any implied warranty of merchantability with its express limited warranty. The Warranty's language, that "this warranty is in lieu of any other warranty, express or implied" bars all of Plaintiffs' implied warranty claims. See N.J.S.A. § 12A:1-201(10).

Further, Plaintiffs claims are time-barred under the UCC's four-year statute of limitations. A cause of action for breach of implied warranty accrues when delivery of the product is made, regardless of the purchaser's lack of knowledge. See N.J.S.A. § 12A:2-725(2). Accordingly, Plaintiffs' implied warranty claims must also be dismissed.

4

C. **Fraud and Intentional Misrepresentation Claims**

Plaintiffs allege that LG "actively and fraudulently concealed the existence of . . . design defects." According to Plaintiffs, this constitutes "intentional misrepresentation by nondisclosure of material facts. In order to properly plead a claim for common law fraud in New Jersey, Plaintiff must allege "1) a material misrepresentation of a presently existing or past fact; 2) knowledge or belief by the defendant of its falsity; 3) an intention that the other person rely on it; 4) reasonable reliance thereon by the other person; and 5) resulting damages. Banco Popular N. Am. v. Gandi, 876 A.2d 253, 260 (N.J. 2005). Furthermore when pleading fraud, Plaintiffs are subject to the heightened pleading requirements of Rule 9(b). Fed. R. Civ. P. 9(b). In this case, Plaintiffs have failed to meet the basic pleading requirements and accordingly also fail to satisfy 9(b).

Specifically, Plaintiff does not plead dates, times or places of the alleged fraud. Plaintiffs further do not plead the circumstances surrounding how LG came to know of the alleged defects and it affirmatively concealed them. Furthermore, lead plaintiff Moulton fails to even allege what model of tv she purchased nor whether the defects she claimed to experience were the same as other members of the putative class. Accordingly, Plaintiffs' failures to meet the most basic pleading requirements requires dismissal of these claims.

D. **State Consumer Protection Claims**

**1. New Jersey Consumer Fraud Act Claim**

Despite the fact that none of the named Plaintiffs is a New Jersey resident, Plaintiffs bring consumer fraud claims under the New Jersey statute as well as the relevant statutes of their home states. Plaintiff alleged connection to New Jersey is that LG is headquartered there. However, a

5

majority of Courts in this district, including this one, have held that the mere fact that a company is headquartered in New Jersey will not supersede those contacts with the consumer's home state. Montich v. Miele USA, Inc., No. 11-2725, 2012 WL 1005329 (D.N.J. March 27, 2012). Rather, "the weight of authority counsels against the application of the NJCFA to out-of-state consumers." Gray v. Bayer Corp., No. 08-4716, 2011 WL 2975768 *6 (D.N.J. July 21, 2011) (Linares, J.). Accordingly, Plaintiffs' NJCFA claims are dismissed.

### 2. Maryland, Rhode Island, and North Carolina Consumer Protection Claims

In order to state a claim on which relief may be granted, a party must plead it with particularity. Furthermore, when alleging fraud, a party is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . ."). As to all of Plaintiffs' state consumer protection claims, Plaintiffs have failed to meet this requirement. Rather, Plaintiffs fail to plead with specificity any facts that would demonstrate LG's knowledge and concealment of the alleged defects. Additionally, Plaintiffs fail to plead the content, time or place of any specific representation made by LG or its agents to Plaintiffs.

### E.   Unjust Enrichment Claims

Plaintiffs asserts claims for unjust enrichment under Rhode Island, North Carolina and Maryland law. However, in each of these states, claims for unjust enrichment cannot be maintained where an express contract, such as a warranty, exists between the parties. See e.g., Atlantic and East Carolina Ry. Co. v. Wheatly Oil Co., Inc., 594 S.E.2d 426, 429 (N.C. Ct. App. 2004); Cty. Comm'rs of Carolina Cty. v. J. Roland Dahiell & Sons, Inc. 747 A2d 600, 607 (Md.

2006) ("[A] claim for unjust enrichment may not be brought where the subject matter of the claim is covered by an express contract between the parties."). Mehan v. Gershkoff, 230 A.2d 867, 870 (R.I. 1967). Because Plaintiffs concede that the warranty is a valid and binding contract, Plaintiffs are not permitted to assert unjust enrichment claims and they must be dismissed. FAC ¶ 38.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted and Plaintiffs' complaint is dismissed in its entirety.


DATED: August 21, 2012

JOSE L. LINARES
U.S. DISTRICT JUDGE