**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH MOULTON, et al., individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS, INC., et al.,<br><br>Defendants. | Civil Action No. 11-4073 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES,** District Judge.

This matter comes before the Court by way of Plaintiffs Deborah Moulton ("Moulton"), Steven K. Cole ("Cole"), and David Slebvak's ("Slebvak") (collectively Plaintiffs)'s motion for reconsideration of this Court's Opinion and Order dismissing their First Amended Complaint ("FAC") with prejudice. The Court has considered the submissions made in support of and in opposition to the instant motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiffs' motion is denied.

**I.   BACKGROUND**

The facts of this case are more fully detailed in this Court's August 21, 2012 Opinion (the "Opinion"), and are repeated here only to the extent they are relevant to the instant motion for reconsideration.

Plaintiffs bring the FAC on behalf of themselves and a putative class of over 200,000 individuals who purchased plasma televisions manufactured by Defendants LG Electronics USA,

1

Inc. and LG Electronics, Inc. (collectively "Defendants") between 2004 and 2009. (*See* FAC ¶¶ 1, 4.) According to Plaintiffs, the televisions they purchased "are predisposed to premature performance degradation and/or complete and total failure within the express and implied warranty periods caused by defective design and manufacture." (*See* FAC ¶ 3.) Plaintiffs further allege that Defendants were aware of the defects in the televisions at the time they were sold.

Each of the televisions purchased was accompanied by an express limited warranty that set forth Defendants and purchasers' respective rights as follows:

> Your LG Televisions will be repaired or replaced in accordance with the terms of this warranty, at LGE's option, if it proves to be defective in material or workmanship under normal use, during the warranty period.

(Opinion at 1.)

The length of the warranty period varied over time and differed depending on the type of television purchased:

- Plasma televisions sold between 2003 and 2007 were accompanied by a two-year Limited Warranty covering labor and parts.

- Plasma televisions sold between 2008 and 2010 were accompanied by a one-year Limited Warranty for labor and parts and a two-year Limited Warranty for defects in material and/or workmanship.

(Opinion at 2.)

On March 13, 2012, Plaintiffs filed the FAC asserting claims for breach of express and implied warranty, violation of various consumer fraud protection statutes, and unjust enrichment. Defendant LG Electronics USA, Inc. ("LG") filed a motion to dismiss the FAC on April 27, 2012. On August 21, 2012, this Court granted LG's motion and dismissed the FAC with prejudice. (CM/ECF Nos. 47, 48.) Plaintiffs filed the instant motion for reconsideration on September 13, 2012.

2

## II. LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly'." *See* L. Civ. R. 7.1(i) cmt. 6(d); *see also Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters" or argue new matters that could have been raised before the original decision was reached. *See, e.g., P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

To prevail on a motion for reconsideration, the moving party must "set [] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1. When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, No. 98-5186, 2008 U.S. Dist. LEXIS 293, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008). The Court will reconsider a prior order only where a different outcome is justified by: 1) an intervening change in law; 2) availability of new evidence not previously available; or 3) a need to correct a clear error of law or manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

## III. DISCUSSION

In their motion, Plaintiffs neither argue that there has been an intervening change in the law nor that new evidence compels a result different from the one this Court previously reached. Accordingly, to prevail on their motion for reconsideration, Plaintiffs must establish either that this Court committed clear error in dismissing their FAC, or that reconsideration is appropriate to prevent manifest injustice. *See CIGNA Reinsurance, Co.*, 52 F.3d at 1218.

3

A.     Reconsideration of Plaintiffs' Claims Breach of Express Warranty[1]

In the FAC, Plaintiffs acknowledge that "their television failures occurred outside the unilateral [sic] one and/or two year express warranty periods set out in their class television Owner's Manuals." (FAC ¶ 42.) This Court previously dismissed Plaintiffs' breach of express warranty claims because "[i]n the Third Circuit, an express warranty does not cover repairs made after the applicable time has elapsed." (Opinion at 3.) In dismissing Plaintiffs' breach of express warranty claims, this Court applied the reasoning of *Duquesne Light Co. v. Westinghouse Elec. Corp.*, a case in which the Third Circuit explicitly refused to deviate from the "general rule" that "an express warranty does not cover repairs made after the applicable time . . . has elapsed." 66 F.3d 604, 616 (3d Cir. 1995).

Plaintiffs argue that this court misapplied *Duquesne* because that case "does not stand for the proposition that where a consumer product manufacturer has knowledge that its product is defective at the time of sale, the manufacturer is allowed to assert a warranty limitations defense to preclude post-warranty repair claims." (Br. in Support of Mot. for Reconsid. at 2.) Nevertheless, courts within this District have interpreted *Duquesne* to stand for that very proposition. *See, e.g., Alban v. BMW of North America, LLC*, No. 09-5398, 2010 WL 3636253, at 7-8 (D.N.J. Sept. 8, 2010) ("[T]he overwhelming weight of authority holds that the general rule stated in *Duquesne* applies regardless of whether, as [p]laintiff alleges here, the defendant knew of the defect at the time of sale."); *Nobile v. Ford Motor Co.*, No. 10-1890, 2011 WL 90019, at 3-4 (D.N.J. Mar. 14, 2011).

Plaintiffs also argue that because they have pled that the length of the express warranties was unconscionable, this Court should not have dismissed their claims for breach of express

---

[1] Plaintiffs do not dispute this Court's dismissal of their breach of implied warranty claims.

4

warranty. In so doing, they rely primarily on *Cooper v. Samsung Electronics America, Inc.*, a case in which this Court denied a motion to dismiss a claim for breach of an express warranty because the plaintiff had pled that the limitations clause in the warranty was unconscionable. No. 07-3853, 2008 WL 4513924 (D.N.J. Sept. 30, 2008) (Linares, J.) ("Because [the plaintiff] has plead unconscionability at this stage, and as unconscionability is more suitable for decision at summary judgment, this Court denies [the defendant's] motion to dismiss the express warranty claim").

Plaintiffs' reliance on *Cooper* is misplaced. Since the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), this Court has held claims of unconscionability to a higher level of scrutiny. *See, e.g., Gotthelf v. Toyota Motor Sales, USA, Inc.*, No. 11-4429, 2012 WL 1574301, at *20 (D.N.J. May 3, 2012) (Linares, J.) (acknowledging that while the Court had previously denied a motion to dismiss a breach of express warranty claim upon a finding of unconscionability, "in subsequent cases [it] has followed the pleading requirements of *Twombly* and *Iqbal*, and has been much less willing to deny motions to dismiss breach of warranty claims once a warranty has expired.").

In failing to establish that this Court either overlooked or misapplied controlling authority, Plaintiffs have failed to sustain their burden of establishing that this Court committed clear error in dismissing their breach of express warranty claims.

    B.    <u>Reconsideration of Plaintiffs' Fraud and Intentional Misrepresentation Claims</u>

Fraud claims are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). This Court previously concluded that in failing "to meet the basic pleading requirements" for their fraud claims, Plaintiffs had also "fail[ed] to satisfy" the heightened requirements of Fed. R. Civ. P. 9(b). (Opinion at 5.)

In their motion for reconsideration, Plaintiffs provide a number of citations to the FAC in an attempt to persuade this Court that they have satisfied the pleading requirements of Fed. R. Civ. P. 8(a) and 9(b). (*See* Br. in Support of Mot. for Reconsid. at 3-11.) In their brief in opposition to Defendants' motion to dismiss, Plaintiffs also attempted to persuade the Court that they had sufficiently pled their fraud and intentional misrepresentation claims. (*See* Opp'n Br. to Mot. Dismiss at 16-26.)

Indeed, Plaintiffs have not established that this Court overlooked *dispositive* facts that would warrant a grant of their motion for reconsideration. Rather, Plaintiffs have merely re-litigated the issue of whether they have sufficiently pled their fraud and intentional misrepresentation claims. This is improper on a motion for reconsideration. *See Schoenfeld*, 161 F. Supp. 2d at 352 ("Reconsideration motions . . . may not be used to re-litigate old matters.")

    C.    <u>Reconsideration of Plaintiffs' Unjust Enrichment Claims</u>

This Court dismissed Plaintiffs' unjust enrichment claims, which are all brought under the laws of Rhode Island, North Carolina, and Maryland, because "in each of these states, claims for unjust enrichment cannot be maintained where an express contract, such as a warranty, exists between the parties." (Opinion at 6-7.) Plaintiffs maintain that this Court should not have dismissed their unjust enrichment claims because "Rule[s] 8(d)(2) and 8(d)(3) specifically allow alternative pleading without requiring a jettison or dismissal of one of the parallel theories prior to summary judgment or trial." (Br. in Support of Mot. for Reconsid. at 12.) This is the exact same argument that Plaintiffs advanced in opposing Defendants' motion to dismiss, and which this Court previously rejected. (*See* Opp'n Br. to Mot. to Dismiss at 28-29; Opinion at 6-7.) Plaintiffs' argument, therefore, is an inadequate basis upon which a motion for reconsideration may be premised. *See Schoenfeld*, 161 F. Supp. 2d at 352.

D. <u>Whether Leave to Amend is Appropriate</u>

Plaintiffs urge this Court to grant leave to amend the FAC pursuant to Fed. R. Civ. P. 15(a) because dismissing the FAC with prejudice "does not comport with principals [sic] of fairness, judicial economy and common sense." (Pl. Br. in Support Mot. Reconsid. at 13.) Although Plaintiffs recite the general standards that courts apply in considering whether to grant leave to amend, they do not advance the specific argument that this Court committed clear error in dismissing the FAC with prejudice, or overlooked any factual or legal matters that would compel a different result. In light of this, the Court sees no basis for allowing Plaintiffs to amend the FAC any further.

Accordingly, **IT IS** on this ⎵13⎵ day of November, 2012

**ORDERED** that Plaintiffs' motion for reconsideration (CM/ECF No. 51) is denied.

**SO ORDERED.**

_____
Jose L. Linares
United States District Judge